## LUCILLA CORNWELL, ADMINISTRATRIX, ETC., APPELLANT, *v.* SOLOMON DECK AND OTHERS, RESPONDENTS.

*Negligence — of administratrix, in keeping money of the estate — what is.*

An administratrix kept a large amount of money (the collections from the sales of goods in a store and of notes and accounts of the intestate), in a trunk in a bedroom occupied by her crippled son, being one of the rooms occupied by her family adjoining the store. Part of such collections had been kept there over a year. The nearest bank was twelve miles from where she lived. The money was stolen. *Held,* that had the money been only a portion of the estate lately collected, and had the rest been deposited in bank, she might have been held authorized to keep the same where she did, until a proper opportunity to deposit it in the bank occurred; but as the whole, or nearly all, the fund had been allowed to remain in such an insecure place for nearly a year, when it was finally stolen, it was such a violation of the ordinary laws of prudence as constituted negligence for which she was liable.

APPEAL from a decree of the surrogate of the county of Steuben, on a final accounting, refusing to allow the administratrix credit for moneys of the estate stolen, on account of negligence. The defendants were creditors of the estate, which was insolvent.

The appellant is the widow of one A. Cornwell and was appointed the administratrix of his estate, April 16, 1872. Deceased was a merchant at Woodhull. The estate consisted of a stock of goods in the store there, besides accounts and notes. The administratrix, who was an old lady, employed her son to sell the goods at retail and collect the accounts. She, with her family, occupied rooms adjoining the store, and kept the money collected, in a trunk in a bed-room occupied by her crippled son. On the 20th of March, 1873, the sum of about $1,660 belonging to the estate, was stolen from said trunk and never recovered.

The nearest bank was twelve miles from where she lived, at which her husband had had a bank book, and where he used to deposit money, and draw checks. The place of deposit of the money was known to several persons, and the money, or a portion of it, had been kept there for nearly a year.

*J. W. Dininny*, for the appellant.

*G. H. McMaster*, for the respondents.

E. DARWIN SMITH, J.:

Whether the appellant is liable for the loss of the $1,660, money belonging to the estate and stolen from a trunk in her possession, is the question presented upon this appeal.

In *Chambersburg Savings Bank* v. *McLellan* (76 Penn., 203), the rule is stated by MURCUR, J., in respect to the liability of trustees, as follows: " It is well settled that a trustee shall not be surcharged by a court of equity, for a loss which has occurred in case he has exercised common skill, common prudence and common caution, but for supine negligence or willful default, he shall be held responsible."

What is supine negligence must depend upon the nature of the property to a great extent. While it might not be negligent to leave furniture and ordinary personal property in any room in an occupied dwelling-house, it would certainly be very improper to leave money or jewels in such a place, unless they were secured in an iron safe.

In 1 Caines' Cases in Error (*Furman* v. *Coe*, page 96, decided in 1804), it was held, that the executor was not liable where a body of men broke into his house, and by force carried away funds of the estate. The fund was acquired during the revolutionary war when the country was distracted, and armed bodies of men were roaming about. It does not appear that there was any bank or safe place of deposit near. The money was kept in a strong chest in an upper chamber, and no question was raised that the executor was negligent. The court held that under the circumstances he was not liable.

The trustee at the present time, when banks and places of safe deposit so largely abound, would, probably, under the same circumstances, be held liable for negligence, because a man of com-

mon prudence and acting with common caution would not retain the custody of money and valuables liable to be stolen in such a place, when he could easily deposit them in a place of safety. It is repeatedly held that if a trustee, in the exercise of his best judgment, deposits money in a bank of good repute, that he is not liable in the event of the failure of the bank. In Wharton on Negligence (§ 519, and cases there cited), it is held that a guardian having funds of his ward should not keep it in his house, but deposit it in bank. An executor or administrator is entitled to compensation for his services in taking care of the estate, and held to a stricter accountability than a trustee without compensation.

In *Litchfield* v. *White* (3 Seld., 438), it is held that an assignee, under a voluntary assignment for the benefit of creditors, being entitled to a compensation, is chargeable with the care of a provident owner and liable for a loss occasioned by ordinary negligence. (See also 9 Alb. Law Journal, 423, and cases cited.) The administratrix in this case is an old lady unaccustomed to business, which facts go to palliate what would in an ordinary business man be gross negligence, yet I cannot see why having assumed this trust for which she is compensated, and having gone on and sold the property and collected the debts due the estate, she should not be held to the exercise of at least common prudence. It appears that this money was kept in a place known to several persons. The place, to be sure, was a bed-room occupied by her sick son, but it was, nevertheless, a very insecure depository for such a sum of money, and presented a constant temptation to take it even to the members of her own family. Her husband had kept a bank account, of which she was aware. Although the bank was some twelve miles off, he had deemed it proper to deposit in it there, and she could and should have done the same. Had this money been only a portion of the estate lately collected, and had the rest been deposited in bank, she might be held authorized to keep the same where she did, until a proper opportunity to deposit in bank occurred, but the whole, or nearly all this fund had been allowed to remain in this insecure place for nearly a year, until it was finally stolen.

If executors and adminstrators are permitted to violate the most ordinary laws of prudence in such a manner, it will open the door

for innumerable frauds, and place creditors and other persons interested in trust funds at the mercy of careless and reckless trustees.

I think the decree or order should be affirmed.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Decree of surrogate affirmed, with costs.